35682. SCHLOEMER *et al.* v. TEEM *et al.*

Decided June 6, 1955.

*Joseph J. Fine, F. H. Boney,* for plaintiffs in error.
*Haas, White, Douglas & Arnold, E. S. White,* contra.

GARDNER, P. J. Since the judgment denying the motion for a new trial is to be reversed on special grounds, we will not discuss the general grounds, as the evidence may be entirely different on another trial.

1. Special ground 1 assigns error on the following: "The movants contend that a new trial should be granted for the reason that, while Mr. Woodrow Tucker, a witness for the defendants, was on the stand on direct examination, the following occurred: By Mr. White: Q. 'I want to ask you this hypothetical question, Mr. Tucker: In this particular law suit where the plaintiffs are seeking approximately $13,000 in damages for several items of damage, consisting of loss of earnings or profits, loss on the sale of machinery, water damage to zinc plates, damages for taking and holding a typewriter, and punitive damages, and where it has been necessary to file defensive pleadings, including demurrers and it has been necessary to take the deposition of the plaintiff, Mr. Syl. Schloemer, and where it has been necessary to prepare the case for trial and to try the case for 1½ or approximately 1½ or approximately two days; what, in your opinion, would be a reasonable amount for attorneys' fees for representing the defendants in that suit?'

"Mr. Fine: 'Objection, Your Honor; on the ground that that hypothetical question is irrelevant and immaterial for the reason that in order to proceed—'

"The Court: 'Speak a little louder.'

"Mr. Fine: (Continuing) '—to recover attorney's fees by a defendant's attorney, or a plaintiff's attorney, you must show that the litigation has been occasioned by reason of the other party being stubborn and litigious. There is no evidence in this case to this point that the plaintiff has been stubborn or litigious.

" 'On the contrary, the only evidence that this court has before

it, up until this time, is that the defendant did certain acts to force the plaintiff to vacate the premises and that under the testimony as it is right now, and as admitted by this defendant on the stand, that this defendant accepted rent for the month of July from this plaintiff.

" 'Now I say to Your Honor that that hypothetical question is irrelevant and immaterial, and there has been no evidence to this point leading to that point being brought into the case, and there has been no foundation laid for it.

" 'Now I would go with my brother that he has alleged certain things in his petition. He has sued for it. But the proof is lacking as to the allegation.'

"The Court: 'I am not at all certain at this stage of the case that I will submit to the jury the question of attorney's fees on either side of the case, but in the event such question does come before the jury, it would be necessary that there be evidence in the case on which, in the event attorney's fees were allowed, on either side, that the jury would have something on which to base the amount of the attorney's fees; so I will let the testimony into the record, though I may or may not, in the final instructions to the jury, submit that question of attorney fees on either side. By admitting the testimony at this time I am not stating that I consider that attorney's fees are a part of the case, but since they have been pled, and since the question may be in the case, I will permit the testimony to be admitted at this time.'

"By Mr. White: Q. 'Mr. Tucker, will you go ahead, then, and express your opinion?' A. 'Mr. White, as I stated a few moments ago, I am in my fourth year of law practice and I would say that in a situation of this kind or in a case of this kind, that the attorney's fees would be worth anywhere from $400 to $450; somewhere in that neighborhood.'

"The movants contend that it was error on the part of the court to admit the testimony relating to the reasonable amount for attorney's fees when no evidence had been introduced to show that the plaintiffs had been stubbornly litigious and there was no evidence to show that the defendants were entitled to any damages for attorney's fees.

"The movants contend that the statement by the court was error for the record shows that the plaintiffs had not prayed for

attorney's fees and, therefore, had no reason to introduce evidence before the jury as to reasonable attorney's fees and that the statement by the court was prejudicial and harmful to the plaintiffs for the reason that it was misleading and confusing to the jury for it led the jury to believe that the plaintiffs had prayed for attorney's fees and had failed to prove their case.

"The movants further contend that the statement by the court was error for the reason that it constituted a prejudicial comment on the case by the court that was misleading and confusing to the jury for it led the jury to believe that if the court did not know whether or not attorney's fees were a part of the case, then how would the jury be expected to know.

"The movants contend that the admission of the evidence over the objection of the plaintiffs made at the time that same was admitted and the statements by the court in ruling on the admission of the evidence was, and is, contrary to law, harmful and prejudicial to the plaintiffs and error is assigned on the same for each of the reasons pointed out herein and because of the error thus committed, a new trial should be granted."

The assignment on this special ground shows reversible error.

2.   Special ground 2 sets forth a conversation between counsel for both sides and the court's opinion as to attorney's fees or punitive damages to be considered in the case.   There may be alleged in this special ground some inaccuracies concerning whether or not the court erred in stating that the pleadings did not show any grounds for recovery of attorney's fees, but might show some tentative pleadings and evidence may be alleged regarding punitive damages.   We do not agree that the court said anything or did anything prejudicial to the movant on this question.   We will not discuss the further question because it is not likely that the basis for the allegations of this assignment of error will recur on another trial.

3.   The gist of the assignments of error set forth in special ground 3 is to the effect that the court charged the jury there was no issue as to whether or not the relationship between the plaintiffs and the defendants was that of landlord and tenant; that is, whether or not the plaintiffs were tenants of the defendants.   The court charged that this was not a question for the jury to decide, but that in the court's opinion the relationship of

landlord and tenant was a matter of law for the court to decide under the record of this case, and the court instructed the jury positively that the plaintiffs were not tenants of the defendants, and error is assigned on this excerpt from the charge. In this regard, under all the pleadings and the evidence the court committed reversible error, because such question was a question of fact for the jury to decide and not a question of law for the court to determine.

4. Special ground 4 assigns error because the court refused to give a special request to charge, to the effect that it was a jury question as to whether or not the relationship of landlord and tenant existed between the parties, because the evidence showed that the plaintiffs accepted the rent through their authorized agent during the period when the contract of rental between the landlord and the agent was still of force. Under the record of this case, such refusal to so charge requires a reversal. This was a question to be decided by the jury and not a question of law to be determined by the trial court.

5. Special ground 5 is so nearly akin to special ground 4 and our ruling thereon, we think it unnecessary to go into further detail regarding special ground 5. Substantially, special ground 5 assigns error in that the court determined as a matter of law that the relationship of landlord and tenant did not exist, and did not submit this to the jury for determination on the facts. This special ground shows reversible error requiring a new trial.

6. Special ground 6 is so closely related to special grounds 4 and 5 it seems to us that it would be useless to discuss it further. The trial court tried the case on erroneous ideas that the questions involved were questions of law which the court should determine rather than questions of fact, which it is the exclusive province of the jury to determine. The assignments of error on this special ground are meritorious.

There are 12 other special grounds closely related, which we will not discuss in detail, but we are required to pass on each assignment of error and so will discuss each one generally.

7. Special ground 7 assigns error because the court refused to give, under a proper request, a charge regarding tenancy at will.

Special ground 8 assigns error because the court refused to give in charge, on a timely written request, the principle of law

concerning tenancy at will and notice required of all parties to terminate same.

Special ground 9 assigns error because the court refused to give in charge, after a special request, the principle of law as to the remedy given a landlord upon failure of the tenant to deliver possession of property at the expiration of his leasehold.

Special ground 10 assigns error because the court refused to give in charge, after a special request, the principle of law that a landlord may demand possession of property after the expiration of a leasehold, and the process for the landlord to follow to legally gain possession of the property.

Special ground 11 assigns error because the court refused to give in charge, after a timely written request, the principle of law as to the procedure to be followed by the landlord to gain possession of the property held illegally by an alleged tenant.

Special ground 12 assigns error because the court failed to charge, after a proper written request, the principle of law that, should the landlord enter upon premises held under a leasehold and perform negligent or wrongful acts which would render the premises unfit for occupancy, such acts amount to eviction.

Special ground 13 assigns error because the court failed to charge, after a timely written request, that physical force is not necessary to constitute eviction, but that duress and intimidation constitute an eviction, and further that the relinquishment of premises under such duress or intimidation does not constitute voluntary relinquishment of the property.

Special ground 14 complains because the court refused to give in charge, after a timely written request, the principle of law relative to the measure of damages in such instances.

Special ground 15, properly requested in writing but refused by the court, also goes to the measure of damages.

Special ground 16 assigns error because the court refused to give in charge, after a timely written request, the principle of law that payment of rent to an agent amounts to payment to a principal.

Special ground 17 assigns error because the court charged as follows: "Now, members of the jury, as I instructed you earlier, and before argument began in this case, the court is of the opinion that there is no evidence in the case to submit to the jury

on certain issues, and I am removing those issues from your consideration. In the first place, the court is of the opinion, and so instructs the jury, that the evidence in this case does not permit the presumption or the finding that the plaintiffs in this case were tenants of the defendants. In the opinion of the court, and the court so instructs the jury, the plaintiffs were intruders or trespassers in this property. Allan-Grayson and Company had no right, if they did, to permit the plaintiffs to come into this property, and the plaintiffs came into this property as intruders or trespassers and without permission of the defendants, and without complying with the lease which the plaintiffs' predecessor, the Southern Company, had with the defendants, and therefore since the defendants, Mr. Teem and Mr. Zell, made no agreement to permit the plaintiffs to come into this property and did not accept them as tenants, and—that therefore the relationship of landlord and tenant as between these parties never existed. And so a great deal of the plaintiffs' petition thereby will fall, and the court directs you not to consider that in rendering your verdict."

Special ground 18 assigns error on the following excerpt from the charge: "Item 'b' for the loss of sale of two machines which the plaintiffs could not show in operation and production: That item is being removed from the consideration of the jury by the court, the court being of the opinion that since the relationship of landlord and tenant did not exist between these parties, that there was no duty on the part of the defendants to permit the plaintiffs to operate the machines at all, and that the cutting off of the lights or the cutting off of the water therefore could not in any way have damaged the plaintiffs. And so that item is being removed from your consideration. Item 'c': For the loss of the services of the machine in the amount of $6,000.00 is likewise being removed for the same reason. And Item 'd': For the difference in market value of the two machines of $4,500.00 is likewise removed."

Special grounds 7 through 16 inclusive go to the failure of the court to charge, under such request as shown hereinabove. Special grounds 17 and 18 assign error on certain excerpts from the charge, as shown hereinabove. These special assignments of error are based on the fact that the distinguished trial judge tried

this case on the theory that the case was entirely based on questions of law which the court should decide, rather than on questions of fact which the jury should determine. In this view we are of the opinion that the court erred in failing to charge, as requested in special grounds 7 through 16 inclusive, and erred in charging as shown in special grounds 17 and 18.

We have studied this case carefully and we have no doubt that, under all the record of the case, the questions presented are questions of fact and not questions of law. Therefore, we have reached the conclusion that the case should be remanded for another trial. The court erred in denying the amended motion for a new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*